**Juan Guzman ZUNIGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00024–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1986.

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Karen Ames, Kirk Sherman, Barbara Hervey, Crim. Dist. Attys., San Antonio, for appellee.

Before CANTU, REEVES and TIJERINA, JJ.

## OPINION

PER CURIAM.

Appellant was convicted on his plea of guilty for murder. TEX. PENAL CODE ANN. § 19.02(a)(1). The trial court, pursuant to plea bargain, assessed punishment at seven (7) years confinement. At a prior trial, for the same offense, the trial court declared a mistrial after the jury was hung and could not reach a unanimous verdict. The Special Plea of Double Jeopardy, filed by appellant prior to his plea of guilty, was denied.

It is appellant's contention that the trial court should have sustained his special plea of double jeopardy pursuant to the double jeopardy provision of the Fifth Amendment of the U.S. Constitution; Article I, Section 14 of the Texas Constitution and Articles 1.10 and 1.11 of the Texas Code of Criminal Procedure. He specifically argues that the evidence in the first trial was insufficient for conviction and therefore the trial court should have entered a verdict of acquittal and not have declared a mistrial.

This precise question has been previously addressed by the Court of Criminal Appeals. In *Brandley v. State*, 691 S.W.2d 699, 701 (Tex.Crim.App.1985), the court held that jeopardy does not terminate when the jury is discharged because it is unable to agree, therefore the sufficiency of the evidence presented at the first trial need not be reviewed. *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). *See also Durrough v. State*, 620 S.W.2d 134, 139 (Tex.Crim. App.1981) where the court stated: "when the trial proceeds to its conclusion despite a legitimate claim of seriously prejudicial error, the Double Jeopardy Clause will present no obstacle to a retrial if the conviction is reversed on appeal." Thus the fact that the jury was hung, and the court declared a mistrial does not constitute a bar to retrial. Under the authority of *Brandley, supra,* we will not review the sufficiency of the evidence in question. The point of error is overruled.

The judgment of the trial court is affirmed.